THOMAS M. MCINTYRE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 84755, 86853.  Promulgated May 10, 1938.

*William F. Carpenter, Esq.*, for the petitioner.
*Harry R. Horrow, Esq.*, for the respondent.

Hill: These are consolidated proceedings for the redetermination of deficiencies in petitioner's income tax for the taxable years 1933 and 1934 in the amounts of $600.91 and $44.08, respectively. Petitioner assigns as errors relating to each year the action of the respondent (a) in "treating the entire partnership income of McIntyre and Associates as income taxable to petitioner", and (b) in "treating dividends on stocks owned jointly by petitioner and his wife as income taxable wholly to petitioner." Respondent denies the errors alleged.

The second issue apparently has been abandoned by petitioner. It is not mentioned in his brief, and no evidence was offered thereon. Accordingly, on the second issue, we hold for respondent.

The first issue presents for decision the question whether or not during the taxable years a bona fide partnership for the conduct of a public accounting business existed between petitioner and his wife. Respondent computed the deficiencies on the basis of taxing to petitioner all of the net income derived from an accounting business conducted under the name of "McIntyre and Associates", whereas petitioner reported in his return only one-half of such net income, and contends that his wife was a partner in the business, subject to tax on her distributive share of one-half of the net income.

Petitioner is an individual, residing at Nashville, Tennessee, and since 1925 has been engaged in the business of auditing books and doing tax work. Petitioner was a partner in the firm of McIntyre & Short from 1925 to June 1, 1931, and was a partner in C. G. Robinson & Co. from September 1, 1931, to August 1, 1932. Thereafter, petitioner engaged in practice individually as a certified public accountant.

From time to time during the year 1932 petitioner borrowed money from his wife. The total amount so borrowed was $1,000. The money was not used by petitioner in his accounting business, but for personal and household expenses. In October or November 1932 petitioner and his wife discussed the matter of the formation of a partnership, and petitioner consulted an attorney as to the legality of a partnership in Tennessee between a husband and wife. About that time a penciled draft of a partnership agreement was drawn up, and was typed sometime around the first of January 1933. The instrument was not dated, but about a week or so after January 1, 1933, it was signed by petitioner and his wife. The agreement recited the formation of a partnership, to be known as "McIntyre and Associates", and in paragraph (4) stated that petitioner agreed to contribute his office furniture and fixtures, valued at $1,000, as his share

of the partnership capital, and that his wife agreed to cancel her claim against petitioner for $1,000, representing funds advanced to him, as her share of partnership capital. It was further provided that the partnership should begin January 1, 1933, and continue for a term of two years, unless dissolved by mutual consent of the parties.

In the 1932 Year Book of the American Institute of Accountancy petitioner was listed as a partner in "McIntyre and Associates." This book was published about November or December 1932, or shortly after the annual meeting of the Institute on October 18–19, 1932.

Petitioner's wife is not an accountant; she has no knowledge of accounting; she has never performed any services whatsoever in connection with "McIntyre and Associates"; and it was not understood in connection with the partnership agreement that she should perform any such services. Petitioner never represented to any of his clients that his wife was one of his "associates." All accounting work done by petitioner during the taxable years was in behalf of "McIntyre and Associates."

Petitioner's bank account was not changed subsequent to execution of the partnership agreement, other than the printing of checks after January 28, 1933, with the name of "McIntyre and Associates." The bank account used in his accounting business during the taxable years was a continuation of the account he had been using for many years. Petitioner's wife had no authority to draw checks on that account during the taxable years.

Prior to January 1, 1933, petitioner did not maintain any books of account in connection with the operation of his accounting business, and his receipts and disbursements were shown only by his check book stubs. After execution of the partnership agreement, no books of account were opened, the only records kept being check stubs. No books of account were kept by "McIntyre and Associates" until after a revenue agent made an investigation of petitioner's 1933 return about the first of April 1935. No records were kept during the taxable years of the earnings of the so-called partnership. No accounting was made with respect to the so-called partnership interests during the taxable years. The only record showing withdrawal of funds by petitioner and his wife during the taxable years was made just prior to the hearing of this case in preparation for trial.

In 1933 petitioner opened a brokerage account for the purchase and sale of securities on margin. The account was in petitioner's individual name and the funds used in that connection were obtained from the accounting business.

In the light of the foregoing facts, we think an extended discussion of the question presented is unnecessary. Aside from the execution of a more or less formal agreement of partnership, we are unable to find in the record any evidence of the existence during the taxable years of a bona fide partnership relation between petitioner and his wife. The device of a partnership between husband and wife or members of the same family is often resorted to solely for the purpose of avoiding or reducing tax liability by means of a division of the taxable income. While the formation of a partnership for legitimate business purposes between such persons is not to be denied recognition merely because of its effect on tax liability, the situation always justifies a close scrutiny of the surrounding facts and circumstances where the bona fides of the transaction is called in question. In *Harry C. Fisher*, 29 B. T. A. 1041, 1048; aff'd., 74 Fed. (2d) 1014, we said:

Arrangements within families for the diversion of income, while not necessarily subject to condemnation because of the close relationship of the parties, are always subject to careful scrutiny and clear and convincing evidence is required to establish their bona fides.

In the circumstances disclosed here the mere execution of the alleged partnership agreement is not alone sufficient to establish the formation of a bona fide partnership. As we pointed out in *W. M. Buchanan*, 20 B. T. A. 210, 212:

There must be credible evidence of acts, conduct, facts and circumstances demonstrating the alleged partner's actual participation in the business and assumption of its responsibilities to those with whom the business is transacted. While husband and wife and other members of a family may be recognized as eligible to conduct themselves as a partnership, it is not lightly to be assumed or established that they do. When, in addition to the close family relation, by reason of which the statute gives them a peculiar election to file either joint or separate returns, they seek to establish a business relation as partners and thus to augment the peculiar advantage of such election, it is in our opinion no more than justice and good sense to require substantial circumstantial evidence to support the statements which they make in their own behalf. This is particularly true since the legal recognition of a partnership has in general litigation ever been affected by the course of conduct of the parties concerned as manifesting the partnership contract and not alone by the statements, prospective or retrospective, of understanding or intention.

Aside from the execution of the so-called partnership agreement, what primary facts and circumstances are disclosed in the instant case which demonstrate that the parties were in fact and in good faith associated together as partners in carrying on a public accounting business? Petitioner's wife contributed no capital to the enterprise. The agreement recited that her contribution of capital con-

sisted of the cancellation of the indebtedness of $1,000 owing to her by petitioner, but that did not constitute a contribution to partnership capital. The alleged partnership received nothing thereby. The claim was not transferred to the partnership, nor did petitioner pay into the partnership as capital the amount thereof. Neither did petitioner's wife contribute services. She is not an accountant, and so far as shown she did not participate in any manner in the conduct of the business. No accounting was made to her of any portion of the profits or earnings. She was not held out to the clients as a partner. In all material respects petitioner conducted his public accounting business subsequent to January 1, 1933, in substantially the same manner as theretofore. Even the proprietary name was not changed. Prior to 1933 petitioner carried on his business under the name of "McIntyre and Associates." Subsequent to the formation of the alleged partnership the business was operated under the same name. One of the essential elements of a partnership is the contribution by each member of either property or services. See *George M. Cohan*, 11 B. T. A. 743, 757, and authorities cited. Petitioner's wife contributed neither.

*Humphreys* v. *Commissioner*, 88 Fed. (2d) 430, cited and relied on by petitioner, is distinguishable in our opinion from the case at bar. There, the wives of both Humphreys and Day contributed substantial cash capital for the operation of the accounting business, and at the beginning contributed all of the capital so used. Because of its character and extent it appears that a large amount of capital was required for the successful conduct of the business. Respondent conceded that a bona fide partnership was formed, and the acts and conduct of the parties, aside from the written agreement of partnership, demonstrated that this was true. The wives had separate bank accounts, and the distributive share of the net earnings of each member, including the wives, was accounted for and paid over.

From a careful consideration of all the evidence before us in the instant case, we can only conclude that the partnership agreement executed by petitioner and his wife was such in form only; that their subsequent acts indicate it was wholly without substance during the taxable years. It follows that no legal effect can be attributed to it in the determination of tax liability. Cf. *Gregory* v. *Helvering*, 293 U. S. 465.

*Judgment will be entered for the respondent.*